UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LG CAPITAL FUNDING, LLC<br><br>                        Plaintiff,<br>v.<br><br>THE MARYJANE GROUP, INC.<br><br>                        Defendant. | Civil Action No.:<br><br>**VERIFIED COMPLAINT** |

Plaintiff, LG Capital Funding, LLC ("Plaintiff" or "LG"), by and through its counsel, Garson, Ségal Steinmetz, Fladgate LLP, brings its Verified Complaint against Defendant, The MaryJane Group, Inc. ("Defendant" or "MJMJ") and respectfully alleges as follows:

### THE PARTIES

1. Plaintiff LG Capital Funding, LLC is a limited liability company duly organized under the laws of the State of New York having a principal place of business located at 1218 Union Street, Suite #2, Brooklyn, New York 11225. All members of LG Capital Funding, LLC are citizens of New York.

2. Upon information and belief, Defendant The MaryJane Group, Inc. is a corporation organized and existing under the laws of the State of Nevada having principal place of business located at 910 16th Street, Suite 412, Denver, Colorado, 80202. The MaryJane Group, Inc. is traded publicly on the Over the Counter Markets, or "Pink Sheets," under the symbol "MJMJ."

### JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(2) in that the action is between citizens of different states and the matter

in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

4. Venue is proper in this district pursuant to 27 U.S.C. §1391(a), in that it is a judicial district in which a substantial part of the events or omissions giving rise to the claims occurred, or a substantial part of the property which is subject of this action is situated; and it is the exclusive district which the parties agreed that the claims hereafter set forth can be brought.

5. Further, the agreement from which this dispute arises designates that it is governed and construed in accordance with the laws of the State of New York and that any action brought by either party against the other must be brought in New York.

## STATEMENT OF FACTS

6. On or about June 11, 2015, MJMJ issued a $60,000.00 Convertible Promissory Note to LG ("Note 1"). A true and correct copy of the Note is attached hereto as **Exhibit A**.

7. On or about August 6, 2015, MJMJ issued a $36,750.00 Convertible Promissory Note to LG ("Note 2"). A true and correct copy of the Note is attached hereto as **Exhibit B**.

8. On or about December 3, 2015, MJMJ issued a $27,000.00 Convertible Promissory Note to LG ("Note 3"). A true and correct copy of the Note is attached hereto as **Exhibit C**.

9. On or about December 7, 2015, MJMJ issued a $13,482.88 Convertible Promissory Note to LG ("Note 4"). A true and correct copy of the Note is attached hereto as **Exhibit D**.

10. On or about December 7, 2015, MJMJ issued a $10,321.77 Convertible Promissory Note to LG ("Note 5"). A true and correct copy of the Note is attached hereto as **Exhibit E**.

11. Except for the face values, the rights and obligations of Note 1, Note 2, Note 3, Note 4 and Note 5 are substantially the same. Accordingly, hereinafter, Notes 1-5 may be collectively referred to as the "Notes."

12. The Notes each state that MJMJ promises to pay to the order of LG, the principal balance of the Note, as well 8% interest thereupon, on the note's Maturity Date. (Exs. A-E, p. 1).

13. Further, each Note provides that "[U]pon an Event of Default, interest shall accrue at a default interest rate of 24% per annum." (Exs. A-E §8). Section 8 of each Note describes what constitutes an Event of Default.

14. In addition to LG's return on investment vis-à-vis the Notes' interest rates, Section 4(a) of each Note provides LG with the right to convert all or part of the outstanding and unpaid principal into shares of MJMJ common stock (the "Common Stock"). (Exs. A-E, §4).

15. Section 4(a) states, in pertinent part, "[t]he Holder of this Note is entitled, at its option, at any time, and after full cash payment for the shares convertible hereunder, to convert all or any amount of the principal face amount of this Note then outstanding into shares of the Company's common stock (the "Common Stock")…" (Exs. A-E, 4(a)).

16. To effectuate a conversion, LG was required to submit a Notice of Conversion ("Notice of Conversion"). Section 4(a) of each Note provides, in pertinent part:

> ...provided such Notice of Conversion is delivered by fax or other electronic method of communication to the Company or its transfer agent after 4 P.M. Eastern Standard or Daylight Savings Time of the Holder wishes to include the same day closing price. (Exs. A-E, § 4(a)).

17. LG opted to take advantage of its right to convert by converting portions of the principal balance and interest of Note 1 on the date and in the amount set forth in the table below:

| Conversion Date | Principal Converted | Interest Converted | Conversion Amount (Principal + Interest) |
|---|---|---|---|
| June 7, 2016 | $5,000.00 | $58.08 | $5,058.08 |

A true and correct copy of the Notice of Conversion is attached hereto as **Exhibit F**.

18. After the conversion outlined above was duly made and honored, there remained a principal balance on Note 1 of $55,000.00.

19. No conversions were executed under Notes 2-5, and no further conversions were executed under Note 1.

20. On May 10, 2016, MJMJ Common Stock closed the day with no "bid." Section 8(n) of Notes 2-5 state that it shall be an Event of Default if "[t]he Company shall lose the "bid" price for its stock in a market." (Ex. B-E, §8(n)).

21. Furthermore, Section 8 states that upon a breach of Section 8(n), there shall be an increase of the outstanding principal amount of the note by 20%. (Exs. B-E, §8).

22. By virtue of the cross-default provision contained in Section 8(a) of each Note and the fact that MJMJ's Common Stock closed with no "bid" on May 10, 2016 the outstanding principal balance of each Note is increased by 20%.

23. Additionally, on June 11, 2016, Note 1 reached maturity and became due and payable in the amount of $55,313.42, consisting of $55,000.00 in principal and $313.42 in interest.

24. Each Note provides that it shall be an Event of Default if "[t]he Company shall default in the payment of principal or interest on this Note or any other note issued to the Holder by the Company." (Exs. A-E, § 8(a)).

25. By virtue of the cross-default provision contained in Section 8(a) of each Note that is referenced above, MJMJ's failure to pay the principal balance and accrued interest of Note 1 on its Maturity Date placed MJMJ in default of Notes 2-5.

26. Shortly thereafter, on August 7, 2016, Note 2 reached maturity and became due and payable in the amount of $38,997.29 consisting of $36,750.00 in principal and $2,247.29 in interest, constituting an additional breach and Event of Default pursuant to Section 8(a) of each Note.

27. Section 10 of each Note provides that "[n]either this Note nor any term hereof may be amended, waived, discharged or terminated other than by a written instrument signed by the Company and the Holder." (Exs. A-E, § 10).

28. Additionally, the Notes state that "[n]o provision of this Note shall alter or impair the obligation of the Company, which is absolute and unconditional, to pay the principal of, and interest on, this Note at the time, place, and rate, and in the form, herein prescribed." (Exs. A and B, § 5).

29. Each Note also provides that the Note shall be binding upon the successors and assigns of each party. (Exs. A-E, §14).

30. On or about July 6, 2016, LG, through counsel, sent MJMJ a letter informing MJMJ that they were in default under the terms of the Notes. A true and correct copy of the Letter is attached hereto as **Exhibit G**.

31. As of the date of filing, the Notes possess a total value of $189,215.17 consisting of $146,804.11 in principal at the date of default, $28,510.93 in a total principal increase of 20% on each Note, and $13,900.14 in default interest accrued thereupon. This amount continues to increase daily at the default interest rate. See the chart below for calculations.

| LG Capital: MJMJ Note | Note 1 | Note 2 | Note 3 | Note 4 | Note 5 | | | |
|---|---|---|---|---|---|---|---|---|
| Face Value | $60,000.00 | $36,750.00 | $27,000.00 | $13,482.88 | $10,321.77 | | | |
| Converted Principal | $5,000.00 | $0.00 | $0.00 | $0.00 | $0.00 | | | |
| Balance | $55,000.00 | $36,750.00 | $27,000.00 | $13,482.88 | $10,321.77 | | | |
| Commencement Date | 6/11/15 | 8/6/15 | 12/3/15 | 12/7/15 | 12/7/15 | | | |
| Funding Date | 4/15/16 | 8/6/15 | 12/9/15 | 12/14/15 | 12/14/15 | | | |
| Default Date | 5/10/16 | 5/10/16 | 5/10/16 | 5/10/16 | 5/10/16 | | | |
| Days of Regular Interest | 26 | 279 | 154 | 149 | 149 | | | |
| Days of Default Interest | 144 | 144 | 144 | 144 | 144 | | | |
| Regular Rate | 0.08 | 0.08 | 0.08 | 0.08 | 0.08 | | | |
| Default Rate | 0.24 | 0.24 | 0.24 | 0.24 | 0.24 | | | |
| Regular Interest Accrued = [(Balance x Regular Interest Rate) x (Days of Regular Interest/365)] | $313.42 | $2,247.29 | $911.34 | $440.32 | $337.08 | | Total Regular Interest | $4,249.46 |
| Balance on Default Date = Balance + Regular Interest Accrued | $55,313.42 | $38,997.29 | $27,911.34 | $13,923.20 | $10,658.85 | | Total Balance on Default Date | $146,804.11 |
| 20% Principal Increase Pursuant to Section 8(n) | $11,000.00 | $7,350.00 | $5,400.00 | $2,696.58 | $2,064.35 | | Total Principal Increase | $28,510.93 |
| Default Interest Accrued = [(Balance on Default Date x Default Interest Rate) x (Days of Default Interest/365)] | $5,237.35 | $3,692.46 | $2,642.78 | $1,318.32 | $1,009.23 | | Total Default Interest Accrued | $13,900.14 |
| Total Due and Owing on 09/30/16 = Balance on Default Date + Default Interest Accrued | $60,550.77 | $42,689.74 | $30,554.13 | $15,241.51 | $11,668.09 | | Total Due and Owing as of 09/30/16 | $189,215.17 |

32.     In addition to the principal and interest, the Notes provide that "[t]he Company agrees to pay all costs and expenses, including reasonably attorneys' fees and expenses, which may be incurred by the Holder in collecting any amount due under this Note." (Exs. A-E, §7)

33.     MJMJ has patently failed to make any payments due and owing under the Notes.

7

## First Claim for Relief
(BREACH OF CONTRACT)

34. LG realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 33 of this Verified Complaint as if fully set forth herein.

35. A valid contract exists between the LG and MJMJ.

36. LG performed all of its obligations under the contract.

37. MJMJ breached the contract by failing to pay the monies due and owing to LG.

38. LG has been damaged by MJMJ's failure to perform.

39. LG, therefore, is entitled to an award of damages in an amount to be determined at trial, but not less than one hundred and eighty thousand dollars ($180,000).

## Second Claim for Relief
(UNJUST ENRICHMENT)

40. LG realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 39 of this Verified Complaint as if fully set forth herein.

41. MJMJ has failed to make restitution for the monies loaned to it by LG pursuant to the terms of the Note.

42. MJMJ accepted the money under such circumstances that it created a legal or equitable obligation to account for the money, but it has not paid LG.

43. LG, therefore, is entitled to an award of damages in an amount to be determined at trial, but not less than one hundred and eighty thousand dollars ($180,000).

### Third Claim for Relief
(COSTS, EXPENSES & ATTORNEYS' FEES)

44. LG realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 43 of this Verified Complaint as if fully set forth herein.

45. In accordance with the terms of the Notes, MJMJ agreed to pay all costs and expenses, including reasonable attorneys' fees and expenses, incurred by LG in collecting any amount under the Note.

46. Therefore, LG is entitled to an award against MJMJ for costs and expenses incurred in the prosecution of this lawsuit, including reasonable legal fees.

### Prayer For Relief

**WHEREFORE**, Plaintiff LG CAPITAL FUNDING, LLC seeks judgment against Defendant The MARYJANE GROUP, INC. as follows:

i. On the First and Second Claims for Relief, for damages in an amount to be determined at trial, but not less than one hundred and eighty thousand dollars ($180,000); and

    ii.    On the Third Claim for Relief for an award of LG's costs and expenses in prosecuting this action, including reasonable legal fees; and

    iii.    On all Claims for Relief, for interest, attorneys' fees and the costs and disbursements of this action; and

    iv.    For such other further relief as the Court may deem just, proper, and in the interest of justice.

Dated:    New York, New York
            September 30, 2016

> RESPECTFULLY SUBMITTED,
> **GARSON, SEGAL, STEINMETZ, FLADGATE LLP**
> *ATTORNEYS FOR PLAINTIFF*
>
> BY:     /s/
> KEVIN KEHRLI (KK7568)
> MICHAEL STEINMETZ (MS3164)
> 164 WEST 25TH STREET
> SUITE 11R
> NEW YORK, NY 10001
> TELEPHONE: (212) 380-3623
> FACSIMILE: (347) 537-4540
> EMAIL: KK@GS2Law.com

## VERIFICATION

STATE OF NEW YORK    )
                     ) S.S.:
COUNTY OF KINGS      )

JOSEPH LERMAN who because of his religious beliefs does not swear an oath, affirms the following to be true under penalty of perjury:

I am a Member of Plaintiff, LG Capital Funding, LLC ("LG"), a New York Limited Liability Company. I am authorized to make this Verification on behalf of Plaintiff LG.

The statements of fact set forth in the foregoing Verified Complaint are true and correct to the best of my knowledge, except as to matters therein stated to be alleged on information and belief, and to those matters, I believe them to be true.

_____
JOSEPH LERMAN

Affirmed to before me
On this 30th date of September, 2016

_____
Notary Public

[Notary Seal: AHRON MORDECHAI FRAIMAN, NOTARY PUBLIC, STATE OF NEW YORK, NO. 01FR6344589, QUALIFIED IN NASSAU COUNTY, COMM. EXP. 07/05/2020]

11